UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CCC CAPITAL INVESTMENTS, LLC,<br><br>        Plaintiff<br><br>v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION, et al.,<br><br>        Defendants | Case No.: 2:23-cv-01429-APG-MDC<br><br>**Order Remanding Case for Lack of Subject Matter Jurisdiction** |

Plaintiff CCC Capital Investments, LLC (CCC) owned property located at 4400 Jones Boulevard, Unit #1140, in Las Vegas. Defendants Bank of America, N.A. and National Default Servicing Corporation (NDSC) foreclosed on the property in April 2023 under a deed of trust encumbering the property. Defendant Valentin Sofroni purchased the property at the foreclosure sale. CCC sues the defendants to quiet title and asserts claims for wrongful foreclosure and a violation of Nevada Revised Statutes (NRS) § 107.028.

In CCC's amended complaint, it asserts that because it added Sofrini as a defendant, and both Sofrini and CCC are Nevada citizens, diversity jurisdiction no longer exists, and I should remand the case to state court. However, CCC has not filed a motion to remand.

NDSC moves to dismiss, arguing that the amended complaint was improperly filed because CCC did not get NDSC's consent to amend. Alternatively, NDSC argues that CCC's claims fail on a variety of grounds. Bank of America also moves to dismiss, raising similar arguments as NDSC except it does not argue that the amendment was improper. Bank of America also moves to expunge the lis pendens and moves for final judgment as to it under Rule 54(b) if I do not dismiss the case entirely. Sofrini joins all of Bank of America's motions.

Sofrini also asserts that he should be dismissed because he was not timely served, although he has not moved to dismiss on that basis. CCC opposes all the defendants' motions but did not specifically respond to Sofrini's joinder.

I remand this case to state court for lack of subject matter jurisdiction. Diversity jurisdiction no longer exists because Sofrini and CCC are both Nevada citizens. Federal question jurisdiction does not exist because neither the original nor amended complaint raises a federal question supporting jurisdiction.

## I. BACKGROUND

In 2006, Franklin St. Jean and Conrada St. Jean purchased the property with a $163,950 loan that was secured with a deed of trust encumbering the property. ECF No. 18-1 at 3. Through a series of transfers, the beneficial interest under the deed of trust was transferred to Bank of America. ECF Nos. 18-2; 18-3; 18-4.

In 2013, the homeowners association (HOA) foreclosed on the property due to delinquent assessments, and KK Real Estate Investment Fund, LLC purchased it. ECF No. 18-6. In 2016, Bank of America and the Federal National Mortgage Association (Fannie Mae) sued KK in this court for a declaration that the HOA sale did not extinguish the deed of trust because Fannie Mae owned the loan and deed of trust, and federal law precluded Fannie Mae's interest from being extinguished without its consent. ECF No. 18-7. In January 2017, Bank of America recorded a notice of lis pendens regarding the 2016 lawsuit. ECF No. 18-8.

In April 2017, Franklin St. Jean filed for bankruptcy. ECF No. 26-2. In June 2017, the bankruptcy court lifted the automatic bankruptcy stay to allow Bank of America to foreclose on

the property. *In re Franklin Robert St. Jean*, 17-11780-mkn, ECF No. 24 (Bankr. D. Nev.).[1] Franklin was discharged on July 10, 2017. *In re Franklin Robert St. Jean*, 17-11780-mkn, ECF No. 26 (Bankr. D. Nev.).

CCC obtained title to the property in March 2018, while the lawsuit between KK, Bank of America, and Fannie Mae was still pending. ECF Nos. 18-9; 18-10. The court subsequently ruled in favor of Bank of America and Fannie Mae, holding that Fannie Mae owned the note and deed of trust and federal law precluded the HOA sale from extinguishing that interest. ECF No. 18-5 at 8-9.

In December 2022, NDSC recorded a notice of default and election to sell under the deed of trust. ECF No. 18-11. The sale was set for April 19, 2023. ECF No. 18-13 at 3. Two days before the sale, CCC filed this case in state court and recorded a notice of *lis pendens*. ECF Nos. 1-1 at 2; 18-12. The sale took place as scheduled, and Sofrini purchased the property. ECF No. 18-13.

## II. SUBJECT MATTER JURISDICTION

The parties sporadically raise the issue of this court's subject matter jurisdiction, although no one has filed a fully briefed motion on the subject. Nevertheless, I have an independent obligation to ensure I have subject matter jurisdiction. *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 759 (9th Cir. 2023).

### A. Diversity Jurisdiction Existed at the Time of Removal

In the original complaint, CCC sued Bank of America and NDSC to quiet title in the property and asserted claims for slander of title and wrongful foreclosure. ECF No. 1-1 at 2-8.

---

[1] I take judicial notice of the bankruptcy court's docket. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

CCC alleged that the defendants were not in possession of the promissory note so they could not foreclose and that the deed of trust was extinguished by operation of NRS § 106.240. While the case was still pending in state court, NDSC filed a declaration of non-monetary status under NRS § 107.029. ECF No. 1-1 at 19-20. Because no party timely objected to NDSC's declaration, it appeared that NDSC was not "required to participate further in the action." NRS § 107.029(3).

Bank of America removed the case based on both federal question and diversity jurisdiction. Bank of America contended that although CCC's claims arose under state law, there was an embedded federal question because federal law precludes CCC's claims, which are attempts to extinguish Fannie Mae's interest in the note and deed of trust. ECF No. 1 at 2-4. As for diversity, Bank of America asserted that the parties were diverse because CCC has one member who is a Nevada citizen, Bank of America is a North Carolina citizen, and NDSC is a nominal defendant. *Id.* at 2 n.1, 5. CCC did not move to remand and thus did not dispute Bank of America's characterization of these parties' citizenship. CCC has since filed a certificate of interested parties indicating that its sole member was a Nevada citizen at all relevant times. ECF No. 44. There is no dispute that the amount in controversy requirement was satisfied, as the borrowers owed over $200,000 at the time Bank of America foreclosed. *See* ECF No. 18-13 at 2. Consequently, diversity jurisdiction existed at the time of removal.

**B. Diversity Jurisdiction Does Not Exist Post-Removal**

After removal, CCC and Bank of America (but not NDSC) stipulated to an extension of time for CCC to file an amended complaint, which the court approved. ECF No. 9. Because the court approved it, amendment was proper even though NDSC did not agree to the stipulation. *See* Fed. R. Civ. P. 15(a)(2) (stating that amendment is allowed with "the court's leave"). NDSC did not object to the Magistrate Judge's order granting the stipulation.

4

CCC then filed an amended complaint that added Sofrini as a defendant, and alleged that it and Sofrini are Nevada citizens. ECF No. 11 at 2. CCC asserted in the amended complaint that because Sofrini and CCC are Nevada citizens, diversity jurisdiction no longer exists, and I should remand. *Id.* at 5. However, CCC did not file a motion to remand.

Complete diversity no longer exists between the plaintiff and the defendants because both CCC and Sofrini are Nevada citizens. *Yokeno v. Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014) (stating that diversity jurisdiction requires complete diversity). Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." This decision is left to my discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Because no one objected to CCC amending to add Sofrini, and because adding the current owner of the property to this quiet title action is appropriate and destroys diversity, I must remand unless there is federal question jurisdiction.

**C. Federal Question Jurisdiction Does Not Exist**

CCC's amendment added a declaratory relief claim based on the theory that Bank of America misstated the amount due because it included interest accrued since the borrower's bankruptcy in 2017 "in violation of 11 USC 502." ECF No. 11 at 6-7. Bank of America contends there are other embedded federal questions in the original and amended complaints because various provisions of the Housing and Economic Recovery Act (HERA) are implicated that would prevent CCC's claims from extinguishing Fannie Mae's interest in the property.

Although CCC asserts only state law claims to quiet title and for a declaration quieting title, federal jurisdiction over a state law claim may still exist if "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in

5

federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).  All four requirements must be met. *Id.*  To determine whether there is an embedded federal question in a complaint that otherwise asserts only state law claims, I apply the well-pleaded complaint rule. *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 688 (9th Cir. 2022).

A federal issue is necessarily raised within the meaning of this doctrine only if it is "an essential element of any of the [plaintiff's] claims." *Negrete v. City of Oakland*, 46 F.4th 811, 819 (9th Cir. 2022) (simplified); *see also Lake v. Ohana Military Commtys., LLC*, 14 F.4th 993, 1007 (9th Cir. 2021) ("For jurisdiction to exist under the *Gunn* test, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." (quotation omitted)).  Thus, a federal defense, or the plaintiff anticipating a federal defense, does not suffice. *Negrete*, 46 F.4th at 819-20.  To be actually disputed, the parties must dispute a "question of federal law." *Lake*, 14 F.4th at 1007.  Merely stating that a federal policy or interest is implicated is insufficient. *Id.*

To be a substantial question, the embedded federal issue must be important "to the federal system as a whole," such as "when it raises substantial questions as to the interpretation or validity of a federal statute." *City of Oakland v. BP PLC*, 969 F.3d 895, 905 (9th Cir. 2020) (quotation omitted).  A substantial issue is either a pure issue of law that directly draws into question the constitutional validity of an act of Congress or challenges the actions of a federal agency and a ruling on the issue is "both dispositive of the case and would be controlling in numerous other cases." *Id.* (simplified).  But "a federal issue is not substantial if it is fact-bound and situation-specific, or raises only a hypothetical question unlikely to affect interpretations of federal law in the future." *Id.* (simplified).  Additionally, a "federal issue is not substantial

merely because of its novelty, or because it will further a uniform interpretation of a federal statute." *Id.* (simplified).

### 1.  Section 502

The question of how to properly interpret 11 U.S.C. § 502 is necessarily raised in the amended complaint because CCC alleges that Bank of America's improper inclusion of post-bankruptcy interest is a reason to set aside Bank of America's foreclosure sale and quiet title in CCC.  The issue is actually disputed because Bank of America disagrees with CCC's interpretation of the statute.  The issue is capable of resolution in federal court without disrupting the federal-state balance approved by Congress because this is a question of federal law that should be resolved by federal courts, even if it has some impact on state law claims such as quiet title claims.

However, the federal question raised is not substantial because this dispute would, at most, only further a uniform interpretation of the federal bankruptcy law.  Section 502(a) provides that if a creditor files a proof of claim, the claim is allowed unless a party in interest objects.  If there is an objection, then the bankruptcy court determines the amount of the claim and "shall allow such claim in such amount, except to the extent that . . . such claim is for unmatured interest." 11 U.S.C. § 502(b)(2).  As an initial matter, CCC does not allege, and the bankruptcy docket does not show, that anyone objected to Bank of America's claim.

But even if § 502(b)(2) applied, it provides only that unmatured interest is not an obligation of the debtor's estate.  It does not change the fact that "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991); *see also id.* at 83 (stating that a bankruptcy

discharge "extinguishes *only* 'the personal liability of the debtor.'" (quoting 11 U.S.C. § 524(a)(1))). Thus, "a discharge in bankruptcy does not end a party's obligation, but merely prevents one method of collection" by preventing recourse against the debtor personally. *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 531 (9th Cir. 1998). A "creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Johnson*, 501 U.S. at 83; *see also In re Okosisi*, 451 B.R. 90, 96 (Bankr. D. Nev. 2011) (stating that because the discharge injunction only applies to the debtor's personal liability, "the discharge itself has no affect [sic] on liens, and the creditor is free to foreclose upon the case's conclusion without violating the discharge injunction"). And a bankrupty discharge does not eliminate provisions in the deed of trust, such as the ability to charge interest. *See Siegel*, 143 F.3d at 531 (holding that a discharge in bankruptcy did not "extinguish the contractual attorney's fee provision" in a deed of trust). Because the federal question embedded in the amended complaint is not substantial, it does not provide a basis for federal question jurisdiction.

### 2.  HERA

Bank of America contends that various provisions of HERA are embedded federal questions in both the original and amended complaints. Specifically, Bank of America refers to various provisions of that statute that prohibit courts from restraining or affecting the exercise of power by the Federal Housing Finance Agency (FHFA) as conservator over Fannie Mae, that preclude conservatorship property from being subject to foreclosure or sale without FHFA's consent, and that FHFA as conservator cannot be subject to the direction or supervision of a State. ECF No. 1 at 3-4 (citing 12 U.S.C. §§ 4617(f), (j)(3), (a)(7)).

However, these federal statutes are not necessarily raised by either the original or amended complaint because they are not part of an essential element of any of CCC's claims.

Rather, they are defenses because they are potential reasons that CCC's claims fail "even if all of the elements of [CCC's] claim[s] are proven." *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016).[2] Accordingly, I lack federal question jurisdiction based on Bank of America's HERA arguments.

## III. CONCLUSION

Because I lack subject matter jurisdiction in this case, I remand to the state court from which it was removed. I do not address the other pending motions, so remand is without prejudice to the defendants filing the other pending motions in state court following remand.

I THEREFORE ORDER that the case is remanded to the state court from which it was removed for all further proceedings. The clerk of court is instructed to close this case.

DATED this 1st day of April, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] *See also Bell v. Taylor*, 827 F.3d 699, 704-05 (7th Cir. 2016) ("An affirmative defense limits or excuses a defendant's liability even if the plaintiff establishes a prima facie case." (simplified)); *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) ("An affirmative defense is defined as a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." (simplified)).